979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
HOMESTAKE MINING COMPANY, Petitioner,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, and
Secretary of Labor, Mine Safety and Health
Administration, Respondent.
 No. 91-1423.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 5, 1992.
 
 Before MIKVA, Chief Judge, and WALD and HARRY T. EDWARDS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on a petition for review of an order of the Federal Mine Safety and Health Review Commission, and it was briefed and argued by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Homestake appeals an order of the Federal Mine Safety Commission ("Commission") denying its request for declaratory relief. In 1990, an inspector for the Federal Mine Safety and Health Administration ("MSHA") issued a citation to Homestake for violation of a safety standard regulating elevated walkways. 30 C.F.R. § 57.11002. The citation was based on the fact that elevated walkways at the Homestake Lead Mine were not provided with handrails.
 
 
 3
 Homestake filed a Notice of Contest against the citation. Depositions taken by Homestake of MSHA staff during the Contest Proceeding revealed confusion within MSHA concerning the interpretation and administration of § 57.11002. The Secretary of Labor thus vacated the citation against Homestake and moved to dismiss the enforcement proceeding. In response, Homestake filed a Motion for Declaratory Relief or, in the alternative, Dismissal with Prejudice. Homestake also requested a set-off of its litigation expenses against future penalties. The Commission denied Homestake's Motion for Declaratory Relief and dismissed the proceeding "with prejudice to respondent MSHA to renew its prosecution of [the vacated citation]."
 
 
 4
 In her brief, the Secretary announced her intent not to revise the language of § 57.11002, but rather to implement it on a "case-specific basis." After oral argument, this Court issued an order which directed the Secretary of Labor to answer the following question: "What is the Secretary's position with respect to the effect of her vacatur of the prior citation 'with prejudice' on her ability to issue a new citation for violation of the same regulation on the identical facts under her newly announced enforcement policy?"
 
 
 5
 The Secretary responded, "she will not issue a new citation for violation of the same regulation (30 C.F.R. § 57.11002) on the identical facts on which she issued the citation which she subsequently vacated." We hold that this response renders the case moot and not suitable for declaratory relief. We further hold that the Commission did not abuse its discretion in denying relief in the form of a set-off against future civil penalties. We note that such a remedy would be particularly inappropriate in light of the fact that any future enforcement action must be based on a different set of facts. It is therefore
 
 
 6
 ORDERED AND ADJUDGED that the petition for review be denied.
 
 
 7
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).